United States District Court
For The District of Columbia

|  |  |
|---|---|
| **United States of America,** <br><br> v. <br><br> **Michael Humphrey,** <br><br> **Defendant.** | Case No. 23-cr-304 (TNM) |

**Response to Government's Sentencing Memorandum**

The government raised several arguments relating to the applicable statutory minimum sentence in this case that necessitate a response. But before addressing the disagreements between the parties, it is helpful to first highlight several significant agreements. First, the parties agree that the Court must apply some version of a categorical approach to determine whether Mr. Humphrey's prior Maryland conviction qualifies as a predicate under § 2251(e), *see* Gov't Sent'g Mem. at 8, which requires the Court to determine whether the elements of the relevant offenses sufficiently match, while ignoring the particular facts of the conviction and presuming "that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 185 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)). Second, the parties agree that Mr. Humphrey's prior Maryland conviction involved a violation of § 3-307(a)(3), which criminalizes engaging "in sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim"—*i.e.*, there is no argument that he was convicted under a different subsection in § 3-307. *See* Gov't Sent'g Mem. at 8, 9-10. Third, the parties appear to agree that Mr. Humphrey's prior Maryland conviction under § 3-307(a)(3) "is not a perfect element-to-

1

element match" to the predicate offenses in § 2251(e), and therefore fails the strict categorical approach. *See* Gov't Sent'g Mem. at 10. From there, the parties part ways, whereby Mr. Humphrey respectfully submits the government makes several missteps in its analysis.

***First***, in arguing that Mr. Humphrey's prior Maryland conviction qualifies as a predicate under § 2251(e) in Chapter 110, the government relies upon the definitions of sexual abuse of a minor in Chapter 109A—which says a person can commit sexual contact "with an *intent to abuse, humiliate, harass, degrade* or arouse or gratify the sexual desire of any person," 18 U.S.C. § 2246(3) (emphasis added). *See* Gov't Sent'g Mem. at 10; Gov't Reply at 1. This is an error. Mr. Humphrey's offense falls not within Chapter 109A, but Chapter 110. And as circuit courts have recognized, Chapter 109A crimes are "not[] definitional provision[s] applicable to" Chapter 110 crimes, which include § 2251(e). *United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007) ("We have never defined predicate sex offenses under § 2252A [in Chapter 110] by cross reference to ['sexual abuse' under § 2242 in Chapter 109A], nor has any other court of appeals."). While the two chapters share some similarities, they are fundamentally different.

Indeed, importing definitions from one to the other would create incoherence. Under Chapter 109A, for example, a "minor" means anyone who is between 12 and 16 years old and is at least four years younger than the defendant. *See* § 2243(a). Under Chapter 110, by contrast, a "minor" means "any person under the age of eighteen years." § 2256(1). These conflicting definitions of a single term are a clear sign that Congress did not intend Chapter 109A and Chapter 110 to cross-pollinate. *United States v. Harding*, 172 F. App'x 910, 913 (11th Cir. 2006).

Moreover, when Congress "intends to require a state offense to be congruent to a corresponding federal offense for sentencing enhancement purposes, it will draft such a

2

requirement expressly." *Sinerius*, 504 F.3d at 743. In fact, it has done so in Chapter 109A. *See United States v. Gilbert*, 425 Fed. Appx. 212, 216 (4th Cir. 2011) (listing numerous provisions where Chapter 109A explicitly references a federal definition). Notably, § 2251(e) contains no similar provisions linking its generic offenses to federal analogues in Chapter 109A. Because of this, several courts of appeals have determined that Chapter 109A crimes do not inform the meaning of § 2251(e)'s generic offenses. *See, e.g.*, *Gilbert*, 425 Fed. Appx. at 216 ("Critically, however, § 2252A(b)(2) [in Chapter 110] does not instruct us to apply" the federal definitions in Chapter 109A, and "Congress certainly could have done so and has done so in other provisions."); *Sinerius*, 504 F.3d at 743 ("We have never defined predicate sex offenses under § 2252A [in Chapter 110] by cross reference to ['sexual abuse' under § 2242 in Chapter 109A], nor has any other court of appeals."); *United States v. Hubbard*, 480 F.3d 341, 348 n.39 (5th Cir. 2007) (rejecting defendant's "attempt to engraft the requirements of § 2243 [in Chapter 109A] on to § 2252(b)(2) [in Chapter 110]"); *United States v. Abreau*, 106 F.4th 1, 14 (1st Cir. 2024) (recognizing § 2255(e)(1)'s enhancement applies to a defendant who "has one prior conviction under this chapter, chapter 109A, or under the laws of any State relating to . . . abusive sexual contact involving a minor or ward. . . . Congress was explicit that a prior conviction under Chapter 109A will trigger a sentencing enhancement; if Congress also intended the state predicate crimes to be limited to crimes equivalent to those defined by Chapter 109A, it easily could have said so."); *cf. Pugin v. Garland*, 599 U.S. 600, 608 (2023) ("[I]f Congress wanted to define offenses 'relating to obstruction of justice' to have the same coverage as § 1503(a), Congress knew how to do so: Congress could have cross-referenced § 1503(a) . . . in the same way that Congress cross-referenced numerous other statutes in § 1101(a)(43) . . . But Congress

3

included no such cross-reference to § 1503(a) in § 1101(a)(43)(S)."). The government's analysis is thus flawed because it is using the definitions in Chapter 109A to define Chapter 110.[1,2]

***Second,*** the government suggests that the Fourth Circuit is unique in requiring courts to look to the generic definition for "abusive sexual contact involving a minor," which requires a sexual-gratification purpose. *See* Gov't Reply ("[T]he Fourth Circuit has established its own federal generic offense for 'sexual abuse of a minor,' which is defined as 'a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'"). The government is mistaken. As the Sixth Circuit aptly recognized, the vast

---

[1] If Chapter 109A provides definitional provisions applicable to Chapter 110 crimes, then under *Mellouli v. Lynch*, 575 U.S. 798 (2015), those definitions would control, and the strict categorical approach would need to be applied to determine whether Maryland third-degree sexual abuse of a child in violation of Md. Code § 3-307(a)(3) matches sexual abuse of a minor under 18 U.S.C. § 2243. They do not categorically match because § 3-307(a)(3) ensnares touching a child's "*buttocks on top of her clothes*," *Bible v. State*, 411 Md. 138 (2009), whereas § 2243 is limited to touching another's "*genitalia* under *the clothing*. *See* § 2246(2)(D) (providing definition of "sexual act"); *see also United States v. Reinhart*, 893 F.3d 606 (9th Cir. 2018) (relying upon *Mellouli* to reject argument that § 2252A(b)'s use of "relating to" could broaden the statutory definition of "child pornography").

[2] The government relies upon *Lockhart v. United States*, 577 U.S. 347 (2016), *see* Gov't Sent'g Mem. at 9, but that decision does not support its position because it addressed a completely different issue. At issue in *Lockhart* was "whether the phrase 'involving a minor or ward' [in the materially identical § 2252(b)(2)] modifies all items in the list of predicate crimes ('aggravated sexual abuse, 'sexual abuse,' and 'abusive sexual conduct') or only the one item that immediately precedes it ('abusive sexual conduct')." 577 U.S. at 349. Applying the "rule of the last antecedent," the Court adopted the latter interpretation—*i.e.*, "minor or ward" modifies only "abusive sexual conduct." *Id.* at 351-52. While the Court noted some similarities between Chapters 109A and 110, it expressly "d[id] not decide" whether the state offenses "in § 2252(b)(2) are given their 'generic' meaning or are defined in light of their federal counterparts" [set out in Chapter 109A]—indicating that the federal and generic offenses could diverge. *Id.* at 360-61. Hence, the government's argument with regard to defining predicate sex offenses under § 2251(e) in Chapter 110 by cross-reference to sexual abuse offenses in Chapter 109A is premised on a reading of *Lockhart* that goes directly against the Supreme Court's specific disclaimer that it is not deciding that issue. *See United States v. Abreau*, 106 F.4th 1, 14 (1st Cir. 2014) (finding defendant's argument—which mirrors the government's here—"is simply wrong in [its] reading of *Lockhart*").

majority of courts appeals have found that the generic definition applies the offenses of "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward" in Chapter 110—rather than the definitions provided for in Chapter 109A—and the generic definitions of these offenses require a sexual-gratification purpose:

> Based on the language of section 2252(b)(2) [which is materially identical to section 2251(e)] and the approaches of our sister circuits, we define the generic federal offense of "sexual abuse" using its common meaning. The penalty provisions of section 2252 [and 2251] appear in Chapter 110, which contains a definition section but does not define "sexual abuse." *See* 18 U.S.C. § 2256. "When the text of a statute contains an undefined term, that term receives its ordinary and natural meaning." *Limited, Inc. v. Comm'r*, 286 F.3d 324, 332 (6th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)). ***"Sexual" is commonly understood to mean "of or relating to the sphere of behavior associated with libidinal gratification."*** Webster's Third New International Dictionary 2082 (1981).
>
> Other circuits have also defined "sexual" in this context according to its ordinary meaning. *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (defining "sexual" as "the intent to seek libidinal gratification"); *United States v. Barker*, 723 F.3d 315, 324 (2d Cir. 2013) [requiring "a purpose associated with sexual gratification"]; *United States v. Colson*, 683 F.3d 507, 510 (4th Cir. 2012) [same]; *United States v. Hubbard*, 480 F.3d 341, 348-49 (5th Cir. 2007) [requiring "sexual arousal or gratification"]; *United States v. Stevens*, 158 F. App'x 133, 136 (10th Cir. 2005) [requiring "sexual gratification"]; *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001) [defining "sexual" to include "of or relating to the sphere of behavior associated with libidinal gratification"]. . .
>
> Thus, sexual abuse, consistent with its common meaning, connotes the use or treatment of so as to injure, hurt, or damage for the purpose of ***sexual or libidinal gratification***. This definition is in accord with the plain meaning of the statutory terms and the decisions of our sister circuits.

*United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015) (emphasis, full cites, and spacing added for ease of reference). Indeed, even one of the federal appellate cases cited by the government in its sentencing memorandum defines the federal generic definition of abusive sexual contact involving a minor under § 2251(e) to require "touching a minor in a way that harms the minor ***for***

5

***the purpose of one's libidinal gratification***." *See United States v. Johnson*, 681 Fed. Appx. 735 (11th Cir. 2017) (emphasis added) (cited in Gov't Sent'g Mem. at 8-9). Because non-sexual spanking is not "of or relating to the sphere of behavior associated with libidinal gratification," Maryland Code § 3-307(a)(3) cannot serve as a predicate for § 2251(e).

*Third,* the government claims that the "Supreme Court's decision in *Pugin* confirms that when a statute contains the phrase 'related to,' it should be interpreted expansively to include state offenses that have 'a connection with' the specific crime and not limited to only state offenses that are an exact match." *See* Gov't Sent'g Mem. at 12. Not so. In *Pugin*, the Supreme Court addressed "whether an offense 'relates to obstruction of justice,' even if the offense does not require that an investigation or proceeding be *pending*." 559 U.S. at 602 (emphasis in original). Notably, the Court did not simply rely upon the "relating to" language to reach an inexact holding. Nor did it say any conduct that "stand[s] in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with" obstruction is enough. Rather, the Court first looked to dictionary definitions of "obstruction of justice," then federal laws, then state laws, and then the model penal code to find that the crime of obstruction of justice generally does not require a pending investigation, as it historically encompassed pre-investigatory methods of obstruction. *See id.* at 604-07. The Court also relied upon "common sense" and the absurd policy consequences that would flow from finding the opposite—*i.e.*, the statute would "*exclude* numerous heartland obstruction offenses," such that a murderer would fall outside of the statute if they threatened a witness from reporting a crime to the police *before* an investigation has started. *See id.* To bolster its conclusion, the Court noted that if there was any doubt, "the phrase '*relating to* obstruction of justice' resolves it, because "the phrase 'relates

6

to' ensures that this statute covers offenses that have 'a connection with' obstruction of justice—which surely covers common obstruction offenses that can occur when an investigation or proceeding is not pending." *Id.* at 608. In other words, while the Court relied upon the phrase "relating to" to resolve doubt, it did not allow the phrase to expand the scope of the offense beyond the "heartland" of what it found to be generic obstruction. *See id.* at 604-08.

Moreover, the Supreme Court has also repeatedly instructed that context matters, which makes *Pugin* have little relevance here. *See Johnson v. United States*, 559 U.S. 133, 139 (2010) ("Ultimately, context determines meaning."). For example, in *Mellouli v. Lynch*, 575 U.S. 798 (2015), the Supreme Court interpreted the phrase "*relating to* a controlled substance" narrowly. As the Court recognized, "relating to a controlled substance" must be interpreted narrowly because "context" tugged "in favor of a narrower reading." *See id.* at 812. According to the Court, "[a] statute with *any* overlap would seem to be *related to* federally controlled drugs." *Id.* Such a sweeping interpretation would extend "to the furthest stretch of indeterminacy, [and] stop nowhere." *Id.* As such, the Court concluded that a prior state conviction "relates to" a federally controlled substance only when the elements of the state drug conviction match a "drug 'defined in [§ 802].'" *Id.* at 811, 813.

As set out in Mr. Humphrey's sentencing memorandum, the context here supports interpreting the phrase "relating to" narrowly. This is a recidivist statute that nearly doubles the statutory sentencing range from 15-30 years to 25-50 years in prison. In doing so, it implicates Fifth and Sixth Amendment concerns with respect to vagueness, and the text's interpretation must bear those in mind. Both *Mellouli* and *Pugin* remain good law, and not even *Pugin* reads the

7

phrase "relating to" to expand the scope of the offense beyond the heartland of what the Court found to be the generic offense.

***Finally***, the government relies upon *United States v. Graves*, 653 F. Supp. 3d 242 (D. Md. 2023), which unpersuasively concluded that Maryland third-degree sexual offense, in violation of Maryland Art. 27, § 464B(a)(3), triggers the 25-year mandatory minimum under § 2251(e). While *Graves* found that § 464B(a)(3) does *not* categorically match the generic definition of "abusive sexual contact involving a minor," *see id.* at 248, it nevertheless adopted an "expansive" definition of "relating to" to find Maryland's third-degree sexual offense "stands in some relation to" § 2251(e)'s generic definition of abusive sexual contact involving a minor. In reaching this conclusion, however, the court made several errors—which are not limited to adopting an overly expansive definition of "relating to."

For starters, *Graves* acknowledged the categorical mismatch between § 464B(a)(3) and "the generic federal definition of 'abusive sexual contact involving a minor' [under § 2251(e)]" because unlike § 2251(e), § 464B(a)(3) "does not require that the perpetrator 'act for the purpose of sexual gratification in order to be convicted." *Graves*, 653 F. Supp. 3d at 247. Even so, the court nevertheless concluded that when a § 464B violation does not involve a sexual-gratification purpose, that conduct still relates to "abusive sexual conduct" under § 2251(e), because it requires "contact with a sexually intimate area." *Id.* at 249. In other words, the court reasoned that *all* contact with a victim's intimate areas relates to a sexual-gratification purpose. *See id.* at 248. But this reasoning is self-evidently wrong. It is simply not true that all "contact with a sexually intimate area" relates to sexual gratification. An adult spanking a child on the buttocks has no sexual-gratification purpose; nor does kicking someone in the groin during a

8

fight.  If *Grave's* logic were correct, then millions of parents who use corporal punishment would be transformed into sexual perverts.

The *Graves* court based its conclusion on a misreading of *United States v. Alfaro*, 835 F.3d 470 (4th Cir. 2016), which held that all contact under § 464B counts as "sexual conduct" for purposes of a generic "forcible sex offense" under U.S.S.G. § 4B1.2.  Given this finding, *Graves* reasoned that all contact under § 464B is "sexual" for purposes of a generic "abusive sexual contact involving a minor" under § 2551(e).  *See* 853 F. Supp. 3d at 249.  The fundamental problem, however, is that *Graves* conflates the meanings of "sex" and "sexual," which *Alfaro* took great pains to differentiate.  *See Alfaro*, 835 F.3d at 476 (noting the "words 'sex' and 'sexual'" in the phrase "sexual abuse of a minor" under § 2251(e) and "forcible sex offense" under U.S.S.G. § 4B1.2 "are very different, and those differences require different interpretations of 'sex' and sexual.").  That is, *Alfaro* held that "sex," in the context of a "forcible sex offense," simply connotes any touching of a sexual body part—*e.g.*, the buttocks or genitals—and does not require any intent to gratify sexual urges.  *See Alfaro*, 835 F.3d at 475-79.  *Alfaro* then expressly distinguished "sexual" as used in "the phrase 'sexual abuse of a minor,'" which it agreed required "an intent to gratify sexual urges."  *Id.* at 476 (emphasis removed).  Thus, under *Alfaro*, contact for purposes of abuse under § 464B can be a "forcible sex offense" in the sense that it involves touching someone's buttocks, but simultaneously *not* "sexual conduct" in the sense of entailing sexual gratification.  Or put differently, a touching of an intimate part can satisfy the "sex" prong of U.S.S.G. § 4B1.2's definition of "forcible sex offense," while simultaneously *not* satisfy the "sexual abuse" prong of § 2251(e)'s offense

9

involving "sexual abuse of a minor." *Alfaro*, 835 F.3d at 476. *Graves* is thus unpersuasive because it ignores this crucial distinction, which formed the central basis of *Alfaro's* holding.

*Graves's* holding is not only rebutted by common sense and the *Alfaro* case upon which it relies, but also by the plain text of § 3-307. If every touching of a buttocks or genital area relates to sexual gratification, then § 3-307's "abuse" prong becomes "inoperative" and "redundant"—exactly the outcome *Dillsworth v. State*, 503 A.3d 734, 737-38 (Md. Ct. Spec. App. 1986) warned against. Given "the cardinal principle of statutory construction" that statutes should be construed so that "no clause, sentence, or word shall be superfluous, void, or insignificant," *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001), *Grave's* reasoning is unsound.

Finally, *Graves* compounded the above errors by relying upon the definitions in Chapter 109A. *See* 653 F. Supp. 3d at 250. Mr. Graves's offense (like Mr. Humphrey's) fell not within Chapter 109A, but Chapter 110. For the reasons discussed above, relying upon Chapter 109A to define Chapter 110 was an error.

Stripped of all the complicated legal issues, this case presents a simple question: does non-sexual spanking of a child *relate to* touching a child's intimate areas for the purpose of sexual gratification (*e.g.*, sexual spanking)? Are those two types of conduct "essentially similar," *Flores v. Att'y Gen. United States*, 856 F.3d 280, 291 n.57 (2017), such that they "both target the same, core criminal conduct"? *United States v. Portanova*, 961 F.3d 252, 258 (3d Cir. 2020). The answer is no. As such, Mr. Humphrey is subject to a statutory sentencing range of 15 to 30 years (not 25 to 50 years) in prison.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
BENJAMIN FLICK
Research & Writing Attorney

DIANE SHREWSBURY
Assistant Federal Public Defender
Federal Public Defender's Office
625 Indiana Ave, NW, Suite 550
Washington, D.C. 20004